**FILED**
**Aug 30, 2022**
**02:11 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **KAREN LABOYTEAUX,** | ) | **Docket No.: 2021-02-0275** |
| **Employee,** | ) | |
| **v.** | ) | |
| **BENJAMIN BEGLEY AND** | ) | **State File No.: 800281-2021** |
| **TIFFANY BEGLEY d/b/a** | ) | |
| **HOMESTEAD FAMILY TABLE** | ) | |
| **AND MONSTERMASH CONCEPTS,** | ) | **Judge Brian K. Addington** |
| **LLC,** | ) | |
| **Employer.** | ) | |

## COMPENSATION ORDER

The Court held a Compensation Hearing on August 24, 2022, to determine whether Karen Laboyteaux is entitled to past and ongoing medical benefits and temporary disability benefits. For the reasons below, the Court finds Ms. Laboyteaux is entitled to the requested benefits.

### Claim History

Ms. Laboyteaux earned $9.00 per hour working as a cook for Homestead Family Table. She tripped over a box strap in the restaurant's kitchen on March 28, 2021, injuring her right arm and hand. Before her shift ended, her manager asked her to wash dishes, but Ms. Laboyteaux responded that she could not do so with one hand. In response, the manager instructed her to go to the emergency room.

After an examination and x-rays at the emergency room, providers told Ms. Laboyteaux to follow up with orthopedist Dr. Timothy Jenkins. When she asked Homestead to pay for a visit with Dr. Jenkins, Bill Begley, the owner, told her to send the bills to him because Homestead did not have workers' compensation insurance.[1]

Ms. Laboyteaux eventually saw Dr. Jenkins, who diagnosed an elbow ligament sprain and placed her on light-duty lifting restrictions. Homestead did not pay for the

---

[1] Homestead employed more than five employees.

treatment, and she only saw Dr. Jenkins twice. At the last visit, he recommended physical therapy, which she could not afford. When she later asked him about placing her at maximum medical improvement, because she could not afford physical therapy, he told her that he would not place her at MMI until she had the therapy.

Because Homestead did not pay for her treatment, the providers billed Ms. Laboyteaux. And despite her pain, she sought work but was unable to find a job within her restrictions until June 13.

Ms. Laboyteaux only worked for Homestead for three weeks before it permanently closed. She earned $619.94 for that three-week period, or $206.65 per week.

Ms. Laboyteaux filed a Petition for Benefit Determination on May 26, 2021, within sixty days of her injury. She requested payment for past and future medical benefits, as well as temporary partial disability benefits for the period she was unable to find work within her restrictions.[2]

During the Compensation Hearing, Ms. Laboyteaux requested temporary total disability benefits, payment of past medical expenses, and open medical benefits because her arm continues to hurt.

Homestead did not appear at any hearing in this case or offer any explanation for its failure to pay benefits.

**Findings of Fact and Conclusions of Law**

Ms. Laboyteaux must prove all elements of her claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2022).

Ms. Laboyteaux's uncontroverted testimony and medical records show she suffered an injury that arose primarily out of and in the course and scope of her employment when she tripped and fell at work. Therefore, the Court holds she proved that she suffered a compensable injury.

Instead of providing a panel of physicians for Ms. Laboyteaux's injury, her manager sent her to the emergency room, and Homestead failed to pay for her treatment there or with Dr. Jenkins. An employer is required to provide medical benefits and a physician panel under Tennessee Code Annotated section 50-6-204. Homestead did neither. Since

---

[2] The Court conducted an Expedited Hearing on November 8, 2021, after which it ordered Homestead to pay the $3,084.00 emergency room bill, reimburse Ms. Laboyteaux $400 for payments she made to Watauga Orthopedics, and reimburse her $45.40 for prescription medications at Walgreens. Homestead did not appeal that order or pay her the benefits.

Homestead sent her to the emergency room and failed to provide a panel of physicians, it shall pay for her treatment with the emergency room and with Dr. Jenkins, who shall be considered the authorized treating physician for future treatment. *See McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 (Mar. 27, 2015).

Ms. Laboyteaux is entitled to temporary partial disability benefits if she was unable to earn her average weekly wage while on work-related restrictions. Tenn. Code Ann. § 50-6-207(2)(A). Here, she testified she was unable to find work or earn wages within Dr. Jenkins's restrictions from the date after her injury until June 13, or eleven weeks. The Court holds she is entitled to temporary partial disability benefits in the amount of $1,640.10, which represents eleven weeks of benefits at the minimum compensation rate of $149.10.[3]

Finally, because Homestead was uninsured, the Court considers whether Ms. Laboyteaux is eligible to apply for benefits from the Bureau's Uninsured Employers Fund. Under Tennessee Code Annotated section 50-6-802(e)(1), the Bureau has *discretion* to pay limited benefits to Ms. Laboyteaux if she proves the following:

1) She worked for an employer who failed to carry workers' compensation insurance;
2) She suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015;
3) She was a Tennessee resident on the date she was injured;
4) She provided notice to the Bureau of the injury and of the failure of the employer to secure payment of compensation within a reasonable period of time, but in no event more than one hundred eighty (180) days, after the date of the injury.

The Court holds that Ms. Laboyteaux worked for an uninsured employer, Homestead, and that she has proved by a preponderance of the evidence that she suffered an injury arising primarily from employment on March 28, 2021. She was a Tennessee resident on that date and provided timely notice to the Bureau of her injury and Homestead's lack of insurance. Therefore, Ms. Laboyteaux satisfied all the requirements of section 50-6-801(d)(1)-(4). She may complete the enclosed form for **consideration of a discretionary payment** through the Uninsured Employers Fund.

---

[3] Ms. Laboyteaux is due the minimum weekly benefit because her earnings fell below the amount that the Workers' Compensation Law determines as the minimum rate all employers must pay for missed work. Tenn. Code Ann. § 50-6-102(18).

3

**IT IS, THEREFORE, ORDERED** as follows:

1.  Homestead shall pay for Ms. Laboyteaux's past medical costs in the amount of $3,529.40 and future medical treatment with Dr. Jenkins under Tennessee Code Annotated section 50-6-204.

2.  Homestead shall pay Ms. Laboyteaux's past temporary partial disability benefits in the amount of $1,640.10.

3.  Ms. Laboyteaux satisfied the requirements of Tennessee Code Annotated section 50-6-801(d)(1)-(4) and is eligible to request benefits from the Uninsured Employers Fund, paid at the *Administrator's discretion*. To do so, she must file the attached form and may contact an Ombudsman at 1-800-332-2667 for assistance.

4.  The Court taxes the $150.00 filing fee to Homestead, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (February, 2022) within five business days of this order becoming final, and for which execution might issue if necessary.

5.  Homestead shall prepare and submit to the Court Clerk a Statistical Data Form (SD2) within ten business days of this order becoming final.

6.  Unless appealed, this order shall become final thirty days after issuance.

**IT IS ORDERED**.

**ENTERED August 30, 2022.**

*Brian K. Addington*
_____
**BRIAN K. ADDINGTON, Judge**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:

1. Affidavit of Karen Laboyteaux
2. Medical Records from Ballad Health System-Radiology Department
3. Medical Records from Watauga Orthopaedics
4. (Collective) Medical Bills from:
   -Ballad Health
   -Walgreens
   -Watauga Orthopaedics
   -APP of Tennessee-Emergency Physician Dr. Ronald Carroll
5. Copies of checks from MonsterMash Concepts, LLC
6. (Collective) Pay Stubs
7. Separation Notice
8. Text Messages

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Hearing Request
4. Order Denying Request for a Decision on the Record
5. Correspondence from Employer
6. Expedited Hearing Order
7. Status Hearing Order
8. Status Hearing Order
9. Motion for Penalty
10. Penalty Referral Order
11. Pre-Compensation Hearing Statement

# CERTIFICATE OF SERVICE

I certify that a copy of the Compensation Order was sent as indicated on August 30, 2022.

| Name | Certified Mail | Fax | Email | Address |
|---|---|---|---|---|
| Karen Laboyteaux, Employee | X | | X | P.O. Box 82<br>Church Hill, TN 37642<br>kbass0267@gmail.com |
| MonsterMash, LLC., Employer | X | | X | 611 Parkway<br>Sevierville, TN 37862<br>monstermashburgers@gmail.com |
| LaShawn Pender | | | X | lashawn.pender@tn.gov |
| Amanda Terry | | | X | amanda.terry@tn.gov |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Compensation Order Right to Appeal</u>:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board. *See the Rules governing the Workers' Compensation Appeals Board on the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



Tennessee Bureau of Workers' Compensation
[www.tn.gov/workforce/injuries-at-work](www.tn.gov/workforce/injuries-at-work)
wc.ombudsman@tn.gov
1-800-332-2667

### REQUEST FOR BENEFITS FROM THE UNINSURED EMPLOYERS FUND

Eligible employees may use this form to request benefits from the Uninsured Employers Fund (UEF) if they are injured while working for an employer that failed to provide:

1. Workers' compensation insurance as required by the TN Workers' Compensation Law; and,
2. Medical and/or disability benefits as required by the TN Workers' Compensation Law.

This form **MUST be completed and sent via certified mail** to the following address:

> Tennessee Bureau of Workers' Compensation
> ATTN: UEF Benefit Manager
> Uninsured Employers Fund
> 220 French Landing Drive, Suite 1B
> Nashville, TN 37243-1002.

This form MUST be sent within sixty (60) calendar days after the claim is over and MUST include:

1. A court order stating your employer owes you benefits and that you may request UEF benefits;
2. A completed Internal Revenue Service (IRS) Form, W-9 Request for Taxpayer Information and Certification available at www.irs.gov; and
3. A completed Bureau of Workers' Compensation Form C31 Medical Waiver and Consent available on the "Forms" link at www.tn.gov/workerscomp.

I certify that I believe I am eligible for benefits from the UEF; that my employer has not paid all or part of the benefits I am due; and my employer has not complied with an order issued by the Court of Workers' Compensation Claims.

I, _____, request benefits from the Uninsured Employers Fund.
　　(Print Your Name)


_____
Signature                                                                                    Date


Tennessee Law allows the State of Tennessee to recover payments made by the UEF for temporary disability benefits or medical benefits. An agreement between you and your employer for payment of benefits must be pre-approved by the UEF before being approved by a workers' compensation judge.


LB-3284 (NEW 4/19)                                                                    RDA 10183